# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER G. LAW, | : | |
|     Plaintiff | : | No. 1:19-cv-02007 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| HARRISBURG AREA COMMUNITY COLLEGE, | : | |
| | : | |
|     Defendant | : | |

## MEMORANDUM

Presently before the Court is Defendant Harrisburg Area Community College ("Defendant" or the "College")'s motion to dismiss (Doc. No. 7) Plaintiff Peter G. Law ("Plaintiff")'s complaint (Doc. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendant's motion will be denied.

## I. BACKGROUND

### A. Procedural Background

Plaintiff initiated the above-captioned action on November 21, 2019 by filing a complaint in this Court asserting two counts of age discrimination: a federal claim brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count I) and a pendent state-law claim brought under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951 et seq. (Count II). (Doc. No. 1.) On January 20, 2020, Defendant filed the instant motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7.) Having been fully briefed (Doc. Nos. 8, 9, 10), the motion is ripe for disposition.

B.     **Factual Background** [1]

Plaintiff served as Defendant's Dean of Students from January 30, 2012 until Plaintiff's termination on October 13, 2017. (Doc. No. 1 ¶ 8.) Plaintiff alleges that he received positive performance evaluations throughout his tenure at the College. (Id. ¶ 10.) At the time Plaintiff filed his complaint, he was sixty-five (65) years old.[2] (Id. ¶ 8.)

According to Plaintiff, sometime between July 2015 and March 2017, the Vice President of Defendant's Harrisburg campus—who Plaintiff has not directly named—met with Dr. John Sygielski, President of the College. (Id. ¶¶ 11, 12.) During that conversation, Dr. Sygielski allegedly told the Vice President that he should "get rid" of Plaintiff because Plaintiff was "too old" for the job. (Id. ¶ 12.) Plaintiff asserts that Dr. Sygielski repeated this directive several times in the following months, and that Dr. Sygielski encouraged the Vice President to stop by Plaintiff's office regularly to monitor whether Plaintiff was in his office and with whom he was meeting. (Id. ¶ 13.) In addition, Plaintiff avers that Dr. Sygielski encouraged the Vice President to talk to female students and staff to build a case that Plaintiff "was too friendly with women." (Id.) According to Plaintiff, the Vice President did not comply with Dr. Sygielski's directives and resigned on March 26, 2017. (Id. ¶ 14.) Plaintiff also alleges that he was wrongfully accused of sexual harassment of a fellow employee—a charge for which he successfully proved his innocence. (Id. ¶ 15.)

Plaintiff alleges that on the morning of August 16, 2017, he was engaged in conversation with two female employees when another male employee named Michael Turi joined the conversation. (Id. ¶ 18.) During the conversation, Mr. Turi allegedly used a gendered expletive

---

[1] Unless otherwise noted, the following background information is taken from the allegations of Plaintiff's complaint. (Doc. No. 1.)
[2] Plaintiff is now sixty-six (66) years old.

2

that Plaintiff found inappropriate for the workplace. (Id. ¶ 20.) Plaintiff alleges that one of the female employees also reported feeling uncomfortable as a result of Mr. Turi's use of the expletive. (Id. ¶ 23.) Plaintiff avers that he set up a meeting to discuss the incident with Mr. Turi's supervisor the next day. (Id. ¶ 21.) According to Plaintiff, Mr. Turi's supervisor assured Plaintiff that she would "take care of" the situation. (Id.) Plaintiff claims that on August 18, 2017, Mr. Turi's supervisor informed Plaintiff that she had reported the incident to the Vice President of the College. (Id. ¶ 22.)

On October 13, 2017, Plaintiff received a letter informing him that he was being terminated. (Id. ¶ 23.) The letter stated that the decision to terminate him was "made in light of a lack of action on [Plaintiff's] part as an administrator in appropriately addressing a Title IX violation." (Id.) Specifically, the letter stated that Plaintiff was "part of a conversation during which inappropriate and offensive language was used" and that Plaintiff had "failed to address the matter with the offending employee." (Id.) Plaintiff alleges that Mr. Turi was given only a written reprimand and that Mr. Turi's supervisor was not subject to any disciplinary action. (Id. ¶ 24.) Further, Plaintiff alleges that he was replaced by someone 13 years younger than he. (Id. ¶ 25.)

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure

3

12(b)(6) for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)) (alteration in original).

Consistent with the Supreme Court's ruling in Twombly and Iqbal, the Third Circuit Court of Appeals has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). In ruling on a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's

claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

### III. DISCUSSION

#### A. Applicable Legal Standard

The ADEA and the PHRA both prohibit discrimination by employers based on age. See 29 U.S.C. § 623(a)(1); 43 Pa. Stat. § 955(a). Although the ADEA is a federal law and the PHRA is a state law, both statutes require the same analysis. See Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006) (noting that the same legal standard governs ADEA and PHRA claims). Specifically, to state a claim for age discrimination, a plaintiff must allege that "(1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." See id. (citing Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004)). To survive dismissal in an employment context, a complaint must present factual allegations that would "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the cause of action. See Phillips, 515 F.3d at 234.

#### B. Arguments of the Parties

Defendant argues that, to avoid dismissal under Rule 12(b)(6), Plaintiff "must prove by a preponderance of the evidence" that his age "actually motivated" and "had a determinative

influence on" the decision to terminate him—in essence, "that age was the 'but-for' cause" of his termination. (Doc. No. 8 at 3) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009)). Additionally, Defendant argues that, to state a plausible ADEA claim, Plaintiff must plead facts establishing a prima facie case under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Finally, Defendant maintains that "Plaintiff has not adduced evidence that [Defendant] placed any reliance on his age when it terminated him but instead offers stray remarks about age made more than two years before his termination as evidence of age discrimination." (Doc. No. 8 at 4.) Defendant contends that such stray remarks are "rarely given great weight" under Third Circuit case law, particularly if they are temporally disconnected from the date of termination. (Id.) Plaintiff responds that he is under no obligation to establish but-for causation at this juncture because Gross does not apply to the pleading stage. (Doc. No. 9 at 7-8.) Additionally, he argues that he has pleaded sufficient facts to establish each element of an ADEA claim. (Id. at 6-7.)

### C. Whether Plaintiff Has Stated a Viable Age Discrimination Claim

Upon review of the parties' arguments and the applicable law, the Court concludes that Plaintiff has pleaded sufficient facts to state a claim for age discrimination. A review of Plaintiff's complaint reveals the following facts in support of his discrimination claims:

> Plaintiff is a 65-year old male citizen of the United States.[3]
> Plaintiff was employed by [Defendant] as Dean of Students, Harrisburg Campus from January 30, 2012 until he was termination [sic] on October 13, 2017.
>
> Throughout his tenure at [the College], Plaintiff received positive performance evaluations.
>
> [Plaintiff's] [s]upervisor met with [the College's] President, Dr. John J. Sygielski, as part of his induction to [the College]. In his initial meetings, Dr. Sygielski told

---

[3] See note 2, supra.

6

>Supervisor that he should "get rid" of Plaintiff and that Plaintiff was "too old" for the job[.]
>
>On multiple occasions over the next few months, Dr. Sygielski told Supervisor that Plaintiff was too old for his position and that the supervisor should find a reason to get Plaintiff out of his position. Dr. Sygielski encouraged Supervisor to stop by Plaintiff's office on regular occasions to ascertain whether Plaintiff was in his office and with whom Plaintiff was meeting. Dr. Sygielski also encouraged Supervisor to talk to female students and staff to build a case that Plaintiff was too friendly with women.
>
>Plaintiff was replaced by an individual that is approximately 13 years younger than Plaintiff.[4]

(Doc. No. 1 ¶¶ 8, 10, 12, 13, 25.) These facts, accepted as true, establish a plausible right to relief under both the ADEA and PHRA. See Hill, 455 F.3d at 247. This Court has regularly denied motions to dismiss age discrimination claims under similar circumstances. See, e.g., Krawczyk v. Roaring Brook Twp., No. 14-CV-2376, 2015 WL 4077836, at *6 (M.D. Pa. July 6, 2015); Thomas v. Leighton Emergency Med. Assoc., P.C., No. 3:12-CV-0655, 2012 WL 3536985, at *3 (M.D. Pa. Aug. 15, 2012).

Defendant's reliance on Gross v. FBL Fin. Servs., Inc. is misplaced. In Gross, the Supreme Court considered "whether a plaintiff must present direct evidence of age discrimination in order to obtain a mixed-motives jury instruction in a suit brought under the [ADEA]." Gross, 557 U.S. at 169-70 (emphasis added). The Court held that the ADEA does not

---

[4] The Third Circuit has counseled that "[i]n order to satisfy the 'sufficiently younger' standard . . . there is no particular age that must be shown." See Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231, 236 (3d Cir. 1999). The Court has found, however, that the standard was satisfied in cases involving significantly smaller age differences than the one present here. See id. (finding a sufficient age difference where a plaintiff was replaced by two individuals, one eight years younger and one sixteen years younger); Sempier v. Johnson & Higgins, 45 F.3d 724, 730 (3d Cir. 1995) (finding a sufficient age difference where plaintiff was replaced by two individuals, one four years younger and one ten years younger). Considering these cases, the Court concludes that a thirteen-year age difference is sufficient to satisfy the fourth element of an age discrimination claim.

7

countenance a mixed-motives claim because, under the plain language of the statute, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action. See id. at 175-77. However, at this stage of litigation, the Court is only concerned with whether Plaintiff has met his burden of pleading, which is properly analyzed under the relevant standard set forth in Hill.[5] Accordingly, as Plaintiff's complaint alleges sufficient factual matter to state plausible claims, the Court will deny Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. No. 7) will be denied. An appropriate Order shall issue.

---

[5] Regarding Defendant's argument that Plaintiff must plead facts to satisfy the McDonnell Douglas framework, the Court notes that the Supreme Court has made clear that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). McDonnell Douglas is therefore inapplicable to the disposition of the instant motion, and the Court similarly declines to address Defendant's arguments at this juncture.